# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| CHARLES ASBERGER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:14-cv-01209-RFB-PAL<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE PEGGY A. LEEN** |

**I.     INTRODUCTION**

Before the Court for consideration is the Report and Recommendation of the Honorable Peggy A. Leen, United States Magistrate Judge, entered November 30, 2016. (ECF No. 28). For the reasons discussed below, the Report and Recommendation is adopted in full.

**II.    BACKGROUND**

Neither party objected to the Magistrate Judge's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. (See Report 1:19–2:27, ECF No. 28). The Court adds the following procedural history.

Plaintiff Charles Asberger ("Plaintiff") filed his Complaint on October 8, 2014. (ECF No. 3). On January 29, 2015, Plaintiff filed a Motion to Remand, arguing that the Administrative Law Judge ("ALJ") failed to properly evaluate the medical evidence of record in assessing Plaintiff's residual functional capacity ("RFC"), and requesting that the Court reverse and award benefits, or remand to the agency. (ECF No. 17). Defendant Carolyn W. Colvin ("Defendant") filed a Cross-Motion to Affirm the ALJ's decision on May 1, 2015. (ECF No. 22). Defendant also filed a

Response to the Motion to Remand on May 1, 2015. (ECF No. 23). Plaintiff filed a Reply to his Motion on May 21, 2015. (ECF No. 24). Judge Leen issued a Report and Recommendation on November 30, 2016 recommending denial of Plaintiff's Motion and granting Defendant's Motion. (ECF No. 28). On December 12, 2016, Plaintiff filed an Objection to this recommendation. (ECF No. 29). Defendant filed a Response to the Objection on December 27, 2016. (ECF No. 30).

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four. (AR 19). At step four, the ALJ considers the assessment of the claimant's RFC as well as the claimant's capability of performing past relevant work. Garrison, 759 F.3d at 1011. RFC is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1). If the claimant is incapable of performing past relevant work, the ALJ determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work in step five. 20 C.F.R. § 404.1520(g).

**IV.    DISCUSSION**

ALJ Craig Ellis issued a decision on February 6, 2013 finding Plaintiff ineligible for disability under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (AR 32-33). The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and arthritis of the cervical, thoracic, and lumbar spine. (AR 17). The ALJ found that Plaintiff also had a number of nonsevere impairments. (AR 17-19). The ALJ concluded that Plaintiff had the residual functional capacity to perform "light work" as defined in 20 C.F.R. 404.1567(b) and 416.967(b), and could resume performance of past relevant work as a casino gaming dealer. (AR 19; AR 30). Specifically, the ALJ found that Plaintiff could do the following: frequently lift and carry no more than ten pounds and occasionally lift and carry twenty pounds; sit for six of eight hours in a workday; stand and/or walk for six of eight hours in a workday; frequently balance, kneel, and climb stairs/ramps; occasionally stoop, crouch, and crawl; and occasionally climb ladders, ropes, and scaffolds. (AR 19). The ALJ further found that no assistive device is medically necessary for ambulation, despite Plaintiff's use of his mother's walker, and that Plaintiff is limited

to occasional overhead reaching with bilateral upper extremity but had no other limitation in all other bilateral reaching. (AR 19). The ALJ recommended he avoid concentrated exposure to workplace hazards, extreme cold, fumes, dusts, gases, odors, and poor ventilation. (AR 23). In so finding, the ALJ considered all symptoms, and the extent to which those symptoms could reasonably be accepted consistently with the objective medical evidence, and other evidence, including opinion evidence. (AR 19). The ALJ considered additional medical records from the UMC Lied Clinic which Plaintiff submitted after the hearing. (AR 23-25). The ALJ afforded significant weight to the opinions of consultative examiner Dr. Wensceslao A. Cabaluna, and state agency reviewing physician Dr. Navdeep Dhaliwal with regard to Plaintiff's physical health. (AR 25; AR 30).

Both parties agree that the ALJ fairly and accurately summarized the evidence and testimony in the record, except as to the arguments in their motions. Plaintiff claims that the UMC Lied medical records support an RFC of no more than sedentary exertion, and that the opinions of the consultative examiner and state agency reviewing physician should not be considered substantial evidence, in light of the UMC medical records. Plaintiff argues these objective findings are evidence that he lacks the capacity for the prolonged standing and walking required of light work. Defendant contends that the opinions of Dr. Cabaluna and Dr. Dhaliwal constituted substantial evidence in support of the ALJ's RFC finding. Defendant argues that Plaintiff's claim that he can perform no more than sedentary exertional work is unsupported by any medical opinion and is inconsistent with the record as a whole. Defendant contends that Plaintiff does not point to any medical opinion that supports his contention that he can perform only sedentary work and merely provides his own opinion and interpretation of the medical evidence.

Judge Leen found that the ALJ's decision was supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error. The Report summarizes the administrative hearing testimony and Plaintiff's treatment records, including the consulting examiner's report, the reviewing examiner's report, and the records from the UMC Lied Clinic. Judge Leen noted that Plaintiff did not cite any record or finding of a treating physician or other

healthcare provider in support of his argument that he is capable of performing no more than sedentary work.

The Court has reviewed the record and agrees with the conclusion reached in the Report. The ALJ properly considered all of the evidence in the record, and reached a decision supported by substantial evidence after having held the record open for over 30 days to allow Plaintiff to submit updated medical evidence – the records from the UMC Lied Clinic. Having reviewed the record, including the UMC Lied Clinic documents, the Court adopts Judge Leen's recommendation in full. The Court finds that the objective evidence does not support a determination that Plaintiff is only capable of performing sedentary work.

### V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 28) is ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 17) is DENIED and the Defendant's Motion to Affirm (ECF No. 22) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is ordered to enter judgment accordingly and close this case.

DATED this 5th day of February, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**